IN THE UNITED STATES DISTRICT COURT FOR THE

WESTERN DISTRICT OF OKLAHOMA

ANTONE LAMANDINGO KNOX          )
    a/k/a ANTION L. KNOX,           )
    a/k/a ANTION LAMOND KNOX,       )
    a/k/a ANTION LAMONT KNOX,       )
                                  )
        Petitioner,             )
                                  )
v.                              )          Case No. CIV-13-925-W
                                  )
ANITA TRAMMEL, Warden,          )
                                  )
        Respondent.             )

## REPORT  AND  RECOMMENDATION

Petitioner, a prolific litigant[1] and state prisoner appearing *pro se* and *in forma pauperis*, has filed this Petition for a Writ of Habeas Corpus pursuant to 28 U.S.C. § 2254. The matter has been referred to the undersigned Magistrate Judge for initial proceedings consistent with 28 U.S.C. § 636(b)(1)(B). For the following reasons, it is recommended that the Petition be dismissed for lack of jurisdiction.

In his Petition filed August 28, 2013, Petitioner challenges his convictions and sentences entered in the District Court of Oklahoma County, Oklahoma, in Case No. CF-

---

[1]Petitioner has filed 19 previous actions in this Court.

1995-1195.[2]  Petitioner alleges in the Petition that his rights under the Double Jeopardy Clause were violated in Case No. CF-1995-1195 and that the sentences imposed upon him were excessive.  Petitioner also alleges that the Oklahoma Supreme Court and Oklahoma Court of Criminal Appeals denied him due process when the courts declined to review the merits of his claim raised in ground one due to procedural errors.

In 2010, Petitioner filed a 28 U.S.C. § 2254 action in this Court challenging the same convictions and sentences entered in Case No. CF-1995-1195.  Antion Lamond Knox v. Randall G. Workman, Warden, Case No. CIV-10-1181-W.  The action was dismissed as untimely filed pursuant to 28 U.S.C. § 2244(d).  In connection with this finding, the Court determined that Petitioner had not demonstrated actual innocence or other extraordinary circumstances that would excuse the untimeliness of the action.  The United States Court of Appeals for the Tenth Circuit denied Petitioner's request for a certificate of appealability. In its order denying the request, the appellate court found that this Court had "correctly ruled that Knox's . . . [P]etition . . . [was] time-barred" and that "[n]o reasonable jurist could dispute the . . . [C]ourt's determination. . . ." Knox v. Workman, No. 11-6042 (10th Cir. June 13, 2011).

In 2012, Petitioner filed a second 28 U.S.C. § 2254 action in this Court challenging

---

[2]Petitioner was convicted of the offenses of Possession of a Firearm after a former felony conviction, Attempted Robbery with a Firearm after former conviction of two or more felonies, and Pointing a Firearm at Another after former conviction of two or more felonies in Case No. CF-1995-1195, and Petitioner was sentenced for the convictions to serve three, twenty-year terms of imprisonment, with the latter two sentences to be served concurrently with each other and consecutively to the sentence for the felon in possession conviction.

his convictions and sentences in Case No. CF-1995-1195. <u>Antone L. A. Knox v. Anita</u> <u>Trammel, Warden,</u> Case No. CIV-12-1393-C. The Court found that the petition was second or successive to his previous habeas petition. The Court further found that it lacked jurisdiction to consider the merits of the claims asserted by Petitioner because he had not been authorized by the Tenth Circuit Court of Appeals to bring a second or successive § 2254 action in the district court. <u>See</u> 28 U.S.C. § 2244(b)(1).

Petitioner admits that he has not received an order from the United States Court of Appeals for the Tenth Circuit authorizing this Court to consider this, his third, Petition challenging the same convictions and sentences. <u>See</u> Petition, at 10. "When a second or successive § 2254 or § 2255 claim is filed in the district court without the required authorization from [the appellate] court, the district court may transfer the matter to [the appellate] court if it determines it is in the interest of justice to do so under [28 U.S.C.] §1631, or it may dismiss the motion or petition for lack of jurisdiction." <u>In re Cline</u>, 531 F.3d 1249, 1252 (10th Cir. 2008)(*per curiam*). "When there is no risk that a meritorious successive § 2254 claim will be lost if the petition is not transferred to the circuit court, the district court may dismiss the petition." <u>Id.</u>

In this case, it would not further the interest of justice to transfer the matter to the Tenth Circuit Court of Appeals because Petitioner cannot satisfy the requirements of 28 U.S.C. § 2244(b)(1) to obtain authorization to proceed with a successive habeas petition. By statute, an application to proceed with a second or successive habeas petition "shall be dismissed unless . . . the applicant shows that the claim relies on a new rule of constitutional

3

law, made retroactive to cases on collateral review by the Supreme Court, that was previously unavailable; or . . . the factual predicate for the claim could not have been discovered previously through the exercise of due diligence; and . . . the facts underlying the claim, if proven and viewed in light of the evidence as a whole would be sufficient to establish by clear and convincing evidence that, but for constitutional error, no reasonable factfinder would have found the applicant guilty of the underlying offense." 28 U.S.C. §2244(b)(2)(A) and (B)(i) and (ii).

Petitioner's habeas claims do not rely on a new rule of constitutional law or newly discovered evidence. Nor has he presented underlying facts sufficient to establish by clear and convincing evidence that, but for constitutional error, no reasonable juror would have found him guilty of his offenses.

Moreover, as this Court and the Tenth Circuit Court of Appeals previously concluded, the limitations period prescribed by 28 U.S.C. § 2244(d)(1)(A), adopted as part of the Antiterrorism and Effective Death Penalty Act ("AEDPA") and which governs the filing of a habeas petition by Petitioner, expired long ago. Hence, Petitioner's claims challenging his convictions and sentences in Case No. CF-1995-1195 are time-barred by operation of §2244(d)(1)(A).

Petitioner is not entitled to statutory tolling under 28 U.S.C. § 2244(d)(2). See Clark v. Oklahoma, 468 F.3d 711, 714 (10th Cir. 2006)(holding that under § 2244(d)(2) "[o]nly state petitions for post-conviction relief filed within the one year allowed by AEDPA will toll the statute of limitations").

Petitioner has also failed to demonstrate extraordinary circumstances warranting the application of equitable tolling principles to extend the 28 U.S.C. § 2244(d) limitations period. See Gibson v. Klinger, 232 F.3d 799, 808 (10th Cir. 2000)(noting that federal habeas petition is subject to equitable tolling only in "rare and exceptional circumstances"). Although Petitioner does not address the issue of timeliness in his Petition or accompanying Memorandum Brief, Petitioner asserts that his claim the state court lacked subject matter jurisdiction over the criminal proceeding can never be waived. See Memorandum of Law, at 6. "Absence of jurisdiction in the convicting court is indeed a basis for federal habeas corpus relief cognizable under the due process clause." Yellowbear v. Wyo. Attorney Gen., 525 F.3d 921, 924 (10th Cir. 2008). However, similar due process claims have been held to be subject to dismissal for untimeliness. See Morales v. Jones, 417 Fed.Appx. 746, 749 (10th Cir. 2011)(unpublished op.)(finding claim that trial court lacked jurisdiction over his crime was subject to dismissal as untimely); United States v. Patrick, 264 Fed.Appx. 693, 694-695 (10th Cir. 2008)(unpublished op.)(affirming dismissal of untimely habeas claim challenging convicting court's jurisdiction).

This Court has previously explained to Petitioner the statutory authorization requirements of 28 U.S.C. § 2244(b). Despite this information, Petitioner has made no attempt to seek the required authorization. Although the Court may transfer the action to the appellate court "if it is in the interest of justice to do so under § 1631," see In re Cline, 531 F.3d at 1252, in this case it would not further the interest of justice to transfer the action because it is time-barred. See In re Rains, 659 F.3d 1274, 1275 (10th Cir. 2011)(dismissal of

5

petitioner's first petition as time-barred was decision on the merits, and subsequent habeas petition challenging same conviction is second or successive and subject to AEDPA's requirements). Accordingly, the action should be dismissed for lack of jurisdiction.

<u>RECOMMENDATION</u>

Based on the foregoing findings, it is recommended that the Petition for a Writ of Habeas Corpus pursuant to 28 U.S.C. § 2254 be DISMISSED for lack of jurisdiction. The parties are advised of their respective right to file an objection to this Report and Recommendation with the Clerk of this Court by ___October 1st_, 2013, in accordance with 28 U.S.C. § 636 and Fed. R. Civ. P. 72. The failure to timely object to this Report and Recommendation would waive appellate review of the recommended ruling. <u>Moore v. United States of America</u>, 950 F.2d 656 (10th Cir. 1991); <u>cf.</u> <u>Marshall v. Chater</u>, 75 F.3d 1421, 1426 (10th Cir. 1996)("Issues raised for the first time in objections to the magistrate judge's recommendations are deemed waived.").

This Report and Recommendation disposes of all issues referred to the undersigned Magistrate Judge in the captioned matter, and any pending motion not specifically addressed herein is denied.

ENTERED this ___11th___ day of ___September___, 2013.


GARY M. PURCELL
UNITED STATES MAGISTRATE JUDGE